IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHERNAYE JOHNSON FOR ESTATE OF DEBRA JOHNSON, ) ) ) | |
| Plaintiff, ) ) | No. 2:24-cv-02722-TLP-tmp |
| v. ) ) | JURY DEMAND |
| WARDEN JOHN FITZ, ) ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Shernaye Johnson, as next of kin and personal representative of the Estate of Debra Johnson, sued Warden John Fitz in his individual capacity under 42 U.S.C. § 1983. (ECF No. 1.) Defendant moves to dismiss, arguing that the statute of limitations bars Plaintiff's claims.[1] (ECF No. 9 at PageID 20.) (*Id*.) For the reasons explained below, the Court **GRANTS** the motion to dismiss.

**BACKGROUND**

On August 7, 2019, an inmate murdered Debra Johnson, a West Tennessee State Penitentiary employee. And almost one year later, on August 6, 2020, Plaintiff sued Defendant in this Court. She voluntarily dismissed the case without prejudice on June 8, 2021, and then refiled it on June 8, 2022. (ECF No. 9-2 at PageID 36–39.) But United States District Court Judge Mark S. Norris dismissed the case again on September 29, 2023, for failure of service

---

[1] Defendant also argues that Plaintiff fails to state a claim and that Warden Fitz is immune from suit. (ECF No. 9 at PageID 20.) Because the Court decides the issue based on the statute of limitations, it need not address these other arguments.

1

under Federal Rule of Civil Procedure 4(m).  (ECF No. 9-3 at PageID 39–44.)  *See Johnson v. Fitz*, No. 2:22-cv-2355-MSN-tmp, 2023 WL 6392739 (W.D. Tenn. Sept. 29, 2023).

One year later, on September 29, 2024, Plaintiff again sued Defendant to recover damages arising out of her mother's death.  (ECF No. 1 at PageID 11.)  She brings three causes of action: (1) a state-created danger claim under 42 U.S.C. § 1983, (2) a premises liability claim brought under Tennessee common law, and (3) a negligence claim brought under Tennessee common law.  (ECF No. 1 at PageID 1.)  She makes no mention of the two previous suits she filed against Defendant.  (ECF No. 9 at PageID 20–21.)  Defendant now moves to dismiss, arguing that Plaintiff filed the action after the statute of limitations expired.  (*Id*. at PageID 20.)  Plaintiff responds that Tennessee's savings statute preserves these claims.  (ECF No. 15 at PageID 49.)  As explained below, Plaintiff is mistaken about the Tennessee savings statute.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can move to dismiss a complaint based on a party's failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021).  Courts must accept a plaintiff's factual assertions as true and must resolve all reasonable inferences in favor of the plaintiff.  *Marchek v. United Servs. Auto. Ass'n*, 118 F.4th 830, 833 (6th Cir. 2024); *FedEx*, 97 F.4th at 455.  And though courts generally restrict their review of the record to the complaint, they "may review exhibits attached to the complaint as well as items appearing in the record of the case."  *Diei v. Boyd*, 116 F.4th 637, 643 (6th Cir. 2024).  Courts may also look to "exhibits attached to defendant's motion to dismiss so

2

long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* And a court may dismiss an action based on a statute of limitations defense when the "allegations in the complaint affirmatively show that the claim is time-barred." *Wershe v. City of Detroit*, 112 F.4th 357 (6th Cir. 2024); *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013). The Court thus considers Plaintiff's limitations defense and refers to her earlier lawsuits because they are attached to the motion to dismiss as central to the claims raised. (*See* ECF Nos. 9-1, 9-2, 9-3.)

## ANALYSIS

The primary issue before the Court is whether Plaintiff's claims are time-barred.[2] The Court will first address whether Plaintiff brought her claims within the original statutes of limitations. If not, the Court will then discuss whether Tennessee's savings statute applies to save the claims.

### I.   Statute of Limitations for Plaintiff's Claims

Plaintiff brings three claims. The first is a state-created danger claim under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) Section 1983 claims do not have their own federal statute of limitations, so the Court looks to state law to determine the appropriate limitations period.[3]

---

[2] As noted, Defendant also argues Plaintiff has failed to state a claim and that Defendant has immunity. (ECF No. 9.) But the Court need not address those arguments here because the Court rules in favor of Defendant based on the statute of limitations.

[3] The Sixth Circuit in *McCormick v. Miami Univ.*, 693 F.3d 654 (6th Cir. 2012), explained that,

> [w]here a federal statute provides a cause of action but does not specify a limitations period, courts determine the appropriate statute of limitations in one of two ways. First, if the federal cause of action arises under an Act of Congress enacted after December 1, 1990, it is governed by 28 U.S.C. § 1658, which prescribes a four-year statute of limitations period. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004). Alternatively, courts borrow the most analogous state limitations period, so long as the application of state law is not "at odds with the purpose or operation of federal substantive law." *North*

*Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838 (6th Cir. 2015); *see also Roberson v. Tennessee*, 399 F.3d 792 (6th Cir. 2005); *Wilson v. Garcia*, 471 U.S. 261 (1985). And under Tennessee law, "civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" must commence "within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1)(B).[4] Plaintiff also brings state-law claims for premises liability and negligence. (*Id.*) And under Tennessee law, claims for premises liability and negligence resulting in personal injury are also subject to a one-year statute of limitations. Tenn. Code Ann. § 28-3-104(a)(1)(A).

The causes of action here accrued when Debra Johnson died in 2019, but Plaintiff did not initiate this lawsuit until September 29, 2024. (ECF No. 1 at PageID 1.) This is over five years after the causes of action accrued. And so the normal one-year statutes of limitations bar all of Plaintiff's claims. And so, unless Tennessee's savings statute preserves this action, which the Court discusses next, dismissal is proper.

## II. Tennessee's Savings Statute

Even though Plaintiff's claims fall outside the ordinary statute of limitations, she argues that Tenn. Code Ann. § 28-1-105, commonly known as Tennessee's savings statute, preserves

---

*Star Steel Co. v. Thomas*, 515 U.S. 29, 34, 115 S. Ct. 1927, 132 L. Ed. 2d 27 (1995) (internal quotation marks and citations omitted).

693 F.3d at 662. Section 1983 was enacted before 1990 and therefore looks to the "most analogous state limitations period." *Id.*

[4] Tennessee's personal tort action statute of limitations has two separate provisions that may apply to § 1983 claims. Section 28-3-104(a)(1)(A) covers personal injury torts generally, but subsection (B) applies to claims "brought under the federal civil rights statutes." The Sixth Circuit has relied on both subsections before, making it difficult to know which is the correct one to apply. *See Dibrell v. City of Knoxville*, 984 F.3d 1156, 1161 (acknowledging cases that have applied the personal injury and civil rights subsections). Because each provides for a one-year limitations period and leads to the same result, the Court applies (a)(1)(B) here. *See id.* (not deciding which subsection is correct because both set a one-year limitations period).

her claims. Plaintiff argues that the statute triggered a new one-year savings period following the September 29, 2023 dismissal, thereby preserving her September 29, 2024 filing and the claims within it. (ECF No. 15 at PageID 50.) In contrast, Defendant asserts that this misapplies the savings statute and that Plaintiff's claims are time-barred because they were not filed within one year of the first dismissal. (ECF No. 16 at PageID 55.)

Under limited circumstances, the Tennessee savings statute allows plaintiffs to bring causes of action that would otherwise be barred under the statute of limitations. Under Tenn. Code Ann. § 28-1-105:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may, from time to time, commence a new action within one (1) year after the reversal or arrest.

The savings statute permits a plaintiff to refile a case that was dismissed for non-merits reasons within a specific time frame, even if the statute of limitations for the original action has expired. *Circle C Constr., LLC v. Nilsen*, 484 S.W.3d 914, 919 (Tenn. 2016).

In applying the statute, Tennessee courts generally interpret the savings statute liberally, reflecting the state's strong preference for resolving disputes on their merits. *See, e.g.*, *Henley v. Cobb*, 916 S.W.2d 915 (Tenn. 1996); *Woods v. Palmer*, 496 S.W.2d 474 (Tenn. 1973); *Balsinger v. Gass*, 379 S.W.2d 800 (Tenn. 1964); *Brooksbank v. Roane Cty.*, 341 S.W.2d 570 (Tenn. 1960). For example, the Tennessee Supreme Court has held that if a plaintiff files an action, dismisses it, and then refiles within the cause of action's original statute of limitations, the savings statute begins to run from the date of the second dismissal. *Balsinger v. Gass*, 379 S.W.2d 800 (Tenn. 1964). And the Tennessee Court of Appeals has ruled that Tenn. Code Ann. § 28-1-105(a) does not bar a plaintiff from filing multiple lawsuits under the savings statute, as

5

long as that plaintiff sues within the one-year limitations period. *See Freeman v. CSX Transp., Inc.*, No. M2010-01833-COA-R9CV, 2011 WL 1344727, at *6 (Tenn. Ct. App. Apr. 7, 2011).

But this liberal interpretive approach has limits. The Tennessee Supreme Court has made clear that the statute does not authorize an indefinite succession of lawsuits based on the same cause of action. *Reed v. Cincinnati, N. O. & T. P. Ry. Co.*, 190 S.W. 458, 459 (Tenn. 1916). In other words, the savings statute gives a plaintiff up to 12 months to refile after the first case is dismissed. In fact, that plaintiff could file suit more than once if the case is dismissed early enough during that 12-month period. But, contrary to Plaintiff's arguments, Tennessee courts have consistently held that the savings statute does not apply in a procedural history like the one here. *See Creed v. Valentine*, 967 S.W.2d 325, 326 (Tenn. Ct. App. 1997) ("It is well-settled that all subsequent suits filed after the first suit is dismissed for any reason not concluding the plaintiff's cause of action *must be brought within one year from the first dismissal*." (emphasis added)).

For example, in *Vandergriff v. Vandergriff*, 106 S.W.3d 682 (Tenn. Ct. App. 2003), the plaintiff filed suit within the statute of limitations and then took a voluntarily nonsuit after the original limitations period expired. *Vandergriff*, 106 S.W.3d at 683. The plaintiff sued again, initiating the second action outside the original limitations period but within the one-year savings window. *Id.* Plaintiff took a second voluntary dismissal of the second suit about 3 years later. *Id.* The plaintiff then sued for a third time. *Id.* The third filing occurred after the one-year savings period from the first case but within a year of the dismissal of the second lawsuit. *Id.* at 683, 685–88.

The Tennessee Supreme Court held that the third action was time barred because it was not begun within one year of the termination of the original suit. *Id.* at 688. And no Tennessee

court has ruled differently. *See, e.g.*, *Turner v. N. C. & S. L. Ry.*, 285 S.W.2d 122 (Tenn. 1955); *Reed*, 190 S.W. at 459; *Watts v. Kroger Co.*, 102 S.W.3d 645 (Tenn. Ct. App. 2002); *Creed*, 967 S.W.2d at 326; *Hunt v. Shaw*, 946 S.W.2d 306 (Tenn. Ct. App. 1996) ("The first lawsuit had used up the plaintiffs' rights under the applicable statute of limitations, and the dismissal of the second lawsuit deprived the plaintiffs of ever again relying upon the savings statute."); *Payne v. Matthews*, 633 S.W.2d 494 (Tenn. Ct. App. 1982) ("It has long been held that after the taking of any nonsuit to the original action, any additional suits would have to be filed within one year of the first nonsuit to be within the purview of the T.C.A. Sec. 28-1-105.").

The same analysis applies here. Plaintiff's cause of action accrued on August 7, 2019. (ECF No. 1 at PageID 2.) Plaintiff first sued within the one-year statute of limitations for civil rights, premise liability, and negligence actions on August 6, 2020. She then voluntarily dismissed the lawsuit on June 8, 2021. (ECF No. 9-2 at PageID 36–27.) From there, Plaintiff had one year to sue again. Plaintiff did so, refiling here on June 8, 2022, within the savings statute's one-year window. But the Court then dismissed the second suit on September 29, 2023—beyond the one-year period based on the savings statute for the first suit. Plaintiff sued a third time on September 29, 2024, which was after the one-year savings period for the first suit expired (June 8, 2022). (ECF No. 1 at PageID 11; ECF No. 9-3 at PageID 39.) Like the cases cited above, this third suit is untimely because it was not filed within one year of the dismissal of Plaintiff's first suit. And so, the Court **DISMISSES** the action.

## CONCLUSION

For the reasons explained above, Plaintiff's claims are untimely, and the Court **GRANTS** Defendant's Motion to Dismiss.

**SO ORDERED**, this 10th day of June, 2025.

                                                   s/Thomas L. Parker
                                                   THOMAS L. PARKER
                                                   UNITED STATES DISTRICT JUDGE